Filed 4/7/25  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGAR ABEL LOPEZ,<br><br>    Defendant and Appellant. | B336926<br><br>(Los Angeles County<br>Super. Ct. No. BA400013-02) |

APPEAL from a judgment of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed and remanded with instructions.

Micah Reyner, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

This is an appeal to correct an abstract of judgment that inaccurately states the sentence actually imposed on appellant Edgar Abel Lopez.  A jury convicted Lopez of three counts of first degree special circumstance murder and found true gun enhancements pursuant to section 12022.53, subdivision (d).  (Counts 1, 2, 3.)  On appeal, we previously reversed a portion of the original sentence imposed on Lopez and remanded for resentencing.  At the resentencing hearing on February 14, 2024, the trial court sentenced Lopez to life without the possibility of parole on the three counts and imposed additional sentences of 25-years-to-life only as to counts 2 and 3 pursuant to section 12022.53, subdivision (d).  However, as both parties concede, both the minute order and abstract of judgment erroneously reflect that an additional sentence of 25-years-to-life pursuant to section 12022.53, subdivision (d) was imposed as to count 1.

## DISCUSSION

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Purely clerical errors such as misstatements in an abstract of judgment that do not accurately reflect the oral sentencing may be corrected at any time.  (*Ibid.*)  "Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls."  (*People v. Whalum* (2020) 50 Cal.App.5th 1, 15.)

Here the trial court did not impose an additional sentence of 25-years-to-life pursuant to section 12022.53, subdivision (d) on count 1 when it resentenced Lopez.  The court's oral

pronouncement controls so the abstract of judgment must be corrected to delete that additional sentence as to count 1.

## DISPOSITION

The judgment is remanded to the trial court with instructions to prepare, file, and forward a corrected abstract of judgment to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



WILEY, J.



VIRAMONTES, J.